■ In the Matter of the Estate of BERNARD R. PANZER, Deceased. SIDNEY PANZER, Appellant; WILLIAM N. PANZER, an Infant, by CHARLES J. COSTABELL, His Special Guardian, Respondent.— Motion by appellant for a stay, pending appeal, granted. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ WILLIAM B. ALCOTT et al., Appellants, v. HERBERT D. SMITH, Defendant, and H. RUSSELL HARRIS, Commissioner of Public Welfare of Warren County, as Administrator of the Estate of EDWARD FLANAGAN, Deceased, Respondent.— In a negligence action to recover damages for personal injuries arising out of the collision of two motor vehicles, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered February 1, 1960 upon the decision of the court after a nonjury trial, which dismissed their complaint as to the defendant Harris. Said defendant had been substituted as a party for one of the original defendants, Edward Flanagan, after the latter's death before trial. Judgment affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ CONCERTINA BAER et al., Respondents, v. OAK VALE ESTATES, INC., Appellant.— In an action to recover damages for personal injuries, medical expenses and loss of services sustained when the female plaintiff fell while inspecting defendant's model home, the defendant appeals from an order of the Supreme Court, Nassau County, dated April 25, 1962, which granted plaintiffs' motion to examine defendant before trial and directed it to produce certain books and records pursuant to section 296 of the Civil Practice Act. Order reversed, with $10 costs and disbursements, and motion denied. Plaintiffs filed their note of issue and statement of readiness on April 28, 1958. No effort to examine defendant was made until plaintiffs retained new counsel on March 7, 1962. Such counsel, by notice of motion dated April 4, 1962, moved for the order under review. We note that plaintiffs' former counsel was disbarred by order of this court in 1961. In our opinion, the record does not justify the conclusion that the necessity, if any, for an examination before trial, resulted from unusual and unanticipated conditions which developed subsequent to the filing of the statement of readiness (Special Rules, Appellate Division — Second Department, Special Readiness Rule, subd. 7; cf. Romito v. Bourjois, Inc., 16 A D 2d 982). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ ALFRED BRAXTON, Plaintiff, v. MARION MATTHEWS, Defendant. (Action No. 1.) MARION MATTHEWS, Respondent, v. ALFRED BRAXTON, Appellant. (Action No. 2.) MARION MATTHEWS, Respondent, v. ALFRED BRAXTON, Appellant. (Action No. 3.) — In three consolidated negligence actions between the same two parties arising out of the same collision between their respective automobiles, Alfred Braxton, the defendant in Action No. 2 and Action No. 3, appeals from an order of the Supreme Court, Queens County, dated November 29, 1961, which denied his motion: (a) to dismiss for lack of prosecution said Action No. 2, in the Supreme Court, for personal injury, by Marion Matthews as plaintiff, such action having been previously consolidated with Action No. 3, in the Municipal Court of the City of New York, for property damage, by the same plaintiff, and (b) to sever said Action No. 3 and remand it to the Municipal Court; and which granted the cross motion of said plaintiff Matthews to consolidate said Action No. 2 and Action No. 3 with Action No. 1 in the Supreme Court, by said Braxton as plaintiff, for personal injury and property damage. Order affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.